'07 CIV 9325
JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

MARIE C. JOSEPH,

Plaintiff,

-against-

TERRENCE CARDINAL COOKE HEALTH CARE CENTER, 1199SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION AND NIEVA BOLINAS,

Defendants.

---X

**NOTICE OF REMOVAL OF STATE COURT ACTION**

Case No.




PLEASE TAKE NOTICE that a Petition removing the above-captioned Complaint, Index No. 113524-07, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, a copy of which Petition is annexed hereto, was duly filed in the United States District Court for the Southern District of New York.

Dated: October 18, 2007
New York, New York

LEVY RATNER, P.C.

By: David Slutsky (DS-7364)
Counsel for 1199SEIU United Healthcare Workers East
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126
(212) 627-8100

TO: Clerk of the Court
New York Supreme Court
County of New York
60 Centre Street, Room 161
New York, NY 10007

{Worldox Files\1199\145\04\07049766.DOC}

Ralph A. Accoo
Attorneys for Plaintiff
2345 8th Avenue
New York, NY 10027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MARIE C. JOSEPH,

Plaintiff,

-against-

TERRENCE CARDINAL COOKE HEALTH CARE CENTER, 1199SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION AND NIEVA BOLINAS,

Defendants.

-------------------------------------------------------------------X

**PETITION FOR REMOVAL OF STATE COURT ACTION**

Case No.

ECF CASE

To the Judges of the United States District Court for the Southern District of New York, the Petition of Defendant 1199SEIU New York's Health & Human Services Union properly known as 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union") shows that:

1. On or about the 5th day of October, 2007, the above-entitled action was commenced by the Plaintiff Marie C. Joseph against Defendants in the Supreme Court of the State of New York, County of New York. See Exhibit "1."

2. In the lawsuit, Plaintiff maintains that she was a member of 1199SEIU; that she was employed by Terrence Cardinal Cooke Health Care Center ("Hospital") from 2002 until October 28, 2004; that on October 28, 2004 the Plaintiff was terminated from her job with the Hospital due to theft of time, unauthorized absence from assigned work area and unacceptable conduct; that the Hospital terminated Plaintiff without just cause; that the Plaintiff requested 1199SEIU to submit her discharge to arbitration but the Union refused; and that 1199SEIU's failure to obtain available facts and witnesses resulted in the Plaintiff suffering damages.

3. Defendant 1199SEIU is a labor organization within the meaning of the National Labor Relations Act ("NLRA") § 2(5), 29 U.S.C. § 152(5), and represents employees in an industry affecting commerce within the meaning of the NLRA. 1199SEIU is the collective bargaining agent of health care employees employed by the Hospital.

4. Defendant Hospital is an employer engaged in commerce within the meaning of §§ 2(2), (6), and (7) of the NRLA, 29 U.S.C. § 152(2), (6) and (7), and operates a health care institution within the meaning of § 2(14) of the NLRA, 29 U.S.C. § 152(14).

5. Plaintiff is a former employee of the Hospital and, during her tenure as an employee of said hospital, a member of the bargaining unit represented by 1199SEIU.

6. The terms and conditions of employment for 1199SEIU-represented employees, including Plaintiff, are set forth in a Collective Bargaining Agreement ("CBA") between 1199SEIU and the League of Voluntary Hospitals and Homes of New York (the "League"), of which the Hospital is a member.

7. The question of Plaintiff's entitlement to relief turns solely on the interpretation of the parties' CBA under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The CBA contains a broad arbitration clause which the Plaintiff sought to have the Union invoke. Accordingly, because a determination of Plaintiff's rights is governed solely by federal law, this action is removable to federal court. *See Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1988); *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 862 (2d Cir. 1986). Although the complaint does not specifically refer to § 301 of the LMRA, "a plaintiff may not defeat removal by clothing a federal claim in state garb...." *Traveler's Indem. Co.*

*v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986). Where "the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading." *Id.* (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722 at 268-75 (2d ed. 1985)). Moreover, Plaintiff expressly asserts that the Hospital breached the CBA in discharging plaintiff without just cause and that the Union breached its duty to represent her in grievance and arbitration proceedings under the CBA. Such a hybrid Section 301/Duty of Fair Representation claim is subject to federal law. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

8. As Plaintiff's claim for relief necessarily arises under the law of the United States, it may be removed to this Court under the provisions of 28 U.S.C. § 1441(b) without regard to the citizenship of the parties.

9. This Petition is filed within thirty (30) days after Defendants received copies of Plaintiff's complaint, as required by 28 U.S.C. § 1446(b).

10. This action was originally filed in a state court in this District. Therefore, venue is proper in this Court as provided by 28 U.S.C. §§ 1441(a) and 1446(a).

11. No previous petition for removal of this action has been made.

12. All defendants consent and join in the removal.

WHEREFORE, Defendant 1199SEIU requests that the above action now pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated: October 18, 2007
New York, New York

LEVY RATNER, P.C.

By: David Slutsky (DS-7364)
Counsel for 1199SEIU United
Healthcare Workers East
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126
(212) 627-8100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X

MARIE C. JOSEPH

Plaintiff

against

TERENCE CARDINAL COOKE HEALTH CARE CENTER, 1199 SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION and NIEVA BOLINAS

Defendants

-----------------------------------------X

Index No. 113524/07

SUMMONS

Plaintiff resides in New York County and

Designates New York County as the place of trial

To the above named Defendants

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiffs attorney within 20 days after the service of this summons, exclusive of the day of the day of service ( or within 30 days after the service is complete if the summons is not personally delivered to within the State of New York and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated: New York, NY
September 17 2007

RALPH A. ACCOO
Attorney for Plaintiff
2545 8th Avenue
New York, NY 10027
212 666-0516

Defendants' address:

Terence Cardinal Cook HCC
1249 5th Avenue
New York, NY 10029

1199 SEIU, NY Human Serv Union
310 West 43rd St.,
New York, NY 10036-6407

Nieva Bolinas

NEW YORK
COUNTY CLERK'S OFFICE

OCT 5 2007

NOT COMPARED
WITH COPY FILE

2007 OCT 11 PM 1:52

LEGAL DEPT
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------x

MARIE C. JOSEPH,

Plaintiff,

VERIFIED COMPLAINT

-against-

Index No:

TERENCE CARDINAL COOKE HEALTH CARE CENTER, 1199 SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION and NIEVA BOLINAS,

Defendants.

---------------------------------x

Plaintiff by her attorney, Ralph A. Accoo, for her verified complaint alleges:

1. The plaintiff at all times hereinafter mentioned was and still is a resident of the City, County and State of New York.

2. The defendant Terence Cardinal Cooke Health Care Center, was and still is a not-for-profit corporation organized in the State of New York with its principal place of business in the City, County and State of New York.

3. The defendant 1199 SEIU New York's Health & Human Services Union was and still is organized in the State of New York with its principal place of business in the City, County and State of New York.

4. The defendant Nieva Bolinas was and still is a resident of the City, County and Sate of New York.

FIRST CAUSE OF ACTION

5. Plaintiff complains against defendant Terence Cardinal Cooke Health Care Center (hereinafter referred to as, "Terence Cardinal Cooke"), as follows:

6. Plaintiff was employed by defendant Terence Cardinal Cooke as a Certified Nurses Aide in or about September 2002, to work at its nursing care hospital, located at 1249 5th Avenue, New York, New York.

7. On or about October 9, 2004, plaintiff received a telephone call from defendant Terence Cardinal Cooke requesting that she work overtime on Sunday, October 10, 2004 from the hours of 7:00 a.m. to 3:00 p.m., in addition to her regular hours from 3:00 p.m. to 11:00 p.m.

8. On October 10, 2004, plaintiff reported to work and clocked in at 7:02 a.m. As she walked to the dressing room, she remembered that she had left the gas stove on while cooking food for her children prior to her leaving her apartment for work. Plaintiff ran down the steps at her place of employment, made a telephone call to her apartment and received no answer. Plaintiff then went to the security guard's station and the security guard telephoned her supervisor who did not answer. Plaintiff left the building on an emergency and took a taxicab to her apartment, where she found smoke in her apartment with the alarm ringing and her children in the apartment. She turned off the stove, aired out the apartment and returned to her place of employment by taxi.

9. Upon her arrival, plaintiff reported to her supervisor, defendant Nieva Bolinas,

who refused to talk to her. Plaintiff then went to the dressing room, changed into her uniform and went to her assigned working station.

10. On October 11, 2004, plaintiff worked a scheduled 8 hours; on October 12, 2004 plaintiff had a scheduled day off.

11. On October 13, 2004, plaintiff was notified to stay working on a scheduled double shift and to report at 7:00 p.m. for a conference with defendant Terence Cardinal Cooke and with a union delegate from defendant 1199 SEIU New York's Health & Human Services Union. A short meeting was held.

12. Defendant Terence Cardinal Cooke notified plaintiff at the conference on October 13, 2004, that she was suspended and not to return to work.

13. On October 14, 2004, defendant Nieva Bolinas, plaintiff's supervisor, made a false statement in writing that plaintiff told her that "there's something wrong with the train that's why she came late".

14. Thereafter, on October 28, 2004, plaintiff was notified by mail that her employment had been terminated effective October 13, 2004 due to:

a) Theft of time;

b) An unauthorized absence from assigned work area; and

c) Unacceptable conduct.

15. That defendant Terence Cardinal Cooke had information before October 13, 2004 that plaintiff had checked in at 7:02 a.m. on October 10, 2004, and had notified the

security guard that an emergency had arisen at her home and she had to leave.

16. That defendant Terence Cardinal Cooke has no rules concerning employees who were required to leave the employment site in case of an emergency.

17. That defendant Terence Cardinal Cooke breached the employment agreement with plaintiff without just cause and without basis in law and fact by terminating her employment.

18. That the firing of plaintiff by said defendant was intentional and premeditated based on facts available to it.

19. That plaintiff suffered and still suffers damages from the baseless termination of her employment by said defendant.

SECOND CAUSE OF ACTION

20. Plaintiff alleges and realleges each and every allegation contained in paragraphs numbered "5" through "19" in the first cause of action to be made part of this cause of action.

21. That defendant Terence Cardinal Cooke placed a message to the health care providers that plaintiff had been terminated for cause on or about October 13, 2004.

22. That plaintiff after being terminated from employment by said defendant was told when she applied for other employment, full time and for part time, with a health care agency that she wad denied employment because, among other things, she was listed as being fired and unemployable in the health care system.

23. That the report by defendant Terence Cardinal Cooke listing plaintiff as terminated for cause, making her unemployable for full time and/or part time employment in a health care agency, was intentional and constituted a black ball of plaintiff in the health care system.

24. That the action of defendant Terence Cardinal Cooke was willful for the sole purpose of keeping plaintiff from obtaining employment in the health care system without just cause and with no basis in fact and flaw.

25. That plaintiff suffered and continues to suffer damages from the intentional reporting to the health care agencies by defendant Terence Cardinal Cooke that plaintiff was fired for cause as follows:

a) Theft of time;

b) An unauthorized absence from assigned work area; and

c) Unacceptable conduct.

THIRD CAUSE OF ACTION

26. Plaintiff alleges and realleges each and every allegation contained in paragraphs numbered "5" through "25" to be made part of this cause of action.

27. Plaintiff complains against defendant Nieva Bolinas as follows:

28. That the report, paragraphs 13 herein, made by defendant Nieva Bolinas to defendant Terence Cardinal Cooke on October 14, 2004 was false, willful and untrue.

29. That the report submitted, dated October 28, 2004, was intended for use by

defendant Terence Cardinal Cooke to justify its firing of plaintiff on October 13, 2004.

30. That plaintiff suffered and still suffers damages as a result of the false and willful actions of defendant Nieva Bolinas.

FOURTH CAUSE OF ACTION

31. Plaintiff alleges and realleges each and every allegation contained in paragraphs numbered "5" through "30" to be made part of this cause of action.

32. As and for a complaint by plaintiff against defendant 1199 SEIU, New York's Health & Human Services Union.

33. The defendant 1199 SEIU New York's Health & Human Services Union is a labor organization and an affiliate of the AFL-C10. 1199 National Health & Human Service Employees Union, AFL-C10 (hereinafter referred to as "1199 SEIU Labor Union").

34. The defendant 1199 SEIU Labor Union is charged with collective bargaining or dealing with employers concerning grievance terms or conditions of employment and termination from employment or of other mutual aid or protection of its members.

35. At all times herein mentioned, plaintiff was a member in good standing of the 1199 SEIU Labor Union.

36. At all times herein mentioned plaintiff was employed as a Certified Nurses Aide with defendant Terence Cardinal Cooke.

37. On or about October 13, 2004, defendant 1199 SEIU Labor Union was

notified and attended a conference called by defendant Terence Cardinal Cooke at its work site, to discuss charges that plaintiff reported late to work and should be terminated from employment.

38. That plaintiff was in fact terminated from employment with defendant Terence Cardinal Cooke on October 13, 2004 by letter dated October 28, 2004, and defendant 1199 SEIU Labor Union was notified.

39. That plaintiff gave the facts of her case to the union delegate of defendant 1199 SEIU Labor Union as set forth in the first cause of action in allegations contained in paragraphs numbered "5" through "16" herein and told the union delegate that:

a) She clocked in at 7:02 a.m. on October 10, 2004; and

b) That she notified the security guard that she was leaving the premises because of an emergency.

40. That the union delegate of defendant 1199 SEIU Labor Union assured plaintiff that he would obtain a statement from the security guard of defendant Terence Cardinal Cooke because it would show that an emergency existed and that plaintiff had to leave her employment to protect her children at home.

41. A step three grievance hearing was held by defendant Terence Cardinal Cooke on December 16, 2004 and union grievance was denied. The union delegate did not subpoena the security guard to testify. Union delegate said he did not obtain a statement from the security guard.

42. On February 9, 2005, a Chapter Hearing and Appeals Board of defendant Terence Cardinal Cooke decided that the case should not be submitted to arbitration. No statement of the security guard was submitted by the union.

43. On April 21, 2005, Division Hearing and Appeals Board of defendant Terence Cardinal Cooke decided not to arbitrate plaintiff's claim. No statement of the security guard was submitted by the union.

44. On April 21, 2005, the defendant Union 1199 SEIU Labor Union notified plaintiff by mail that "there is virtually no likelihood of succeeding at arbitration" and in closing stated "the union cannot effectively pursue the many meritorious grievances that arise if it is unduly burdensome by cases that have no realistic prospect of success."

45. That defendant 1199 SEIU Labor Union failed to protect the rights of plaintiff as a member in good standing, by failing to obtain the available facts and obtain witnesses to produce testimony for the protection of rights of plaintiff.

46. That in a subsequent proceeding before the Unemployment Insurance Appeal Board, the testimony of the security guard of defendant Terence Cardinal Cooke and a daughter of plaintiff was taken in an open hearing in the presence of defendant Terence Cardinal Cooke and its attorney which resulted in a decision in favor of claimant, the plaintiff herein, on June 28, 2006. Defendant Terence Cardinal Cooke's appeal was denied September 2, 2006.

47. That the letter dated April 21, 2005 by defendant 1199 SEIU Labor Union was

an insidious breach of its contractual obligations to plaintiff.

48. The failure of defendant 1199 SEIU Labor Union to properly protect plaintiff from being fired was a careless breach of obligation.

49. Plaintiff has suffered and continues to suffer damages as a result of the willful carelessness of defendant 1199 SEIU Labor Union.

WHEREFORE, the plaintiff demands judgment:

1. Against defendant, Terence Cardinal Cooke Health Care Center on the first cause of action in the amount of $100,000 in compensatory damages and $1,000,000 in punitive damages.

2. Against defendant Terence Cardinal Cooke Health Care Center on the second cause of action in the amount of $1,000,000 in punitive damages;

3. Against defendant Nieva Bolinas on the third cause of action in the amount of $500,000 in punitive damages; and

4. Against defendant 1199 SEIU New York's Health & Human Services Union on the fourth cause of action in the amount of $100,000 in compensatory damages and $1,000,000 in punitive damages.

5. And for the cost and disbursement of this action and for each and every matter that is just and proper in the premises.

Dated: New York, New York
September 17, 2007

RALPH A. ACCOO
Attorney for Plaintiff
2345 8th Avenue
New York, New York 10027
(212) 666-0516

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

I, Marie C. Joseph being duly sworn, depose and say: I am plaintiff

Check Applicable Box

[X] Individual Verification — in the within action; I have read the foregoing summons and complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

[ ] Corporate Verification — the of a corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verfication is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on sept. 17, 2007

[signature]

RALPH A. ACCUR
Notary Public, State of New York
No. 03-020009475
Qualified in Bronx County
Commission Expires Oct 31, 2009

[signature] The name signed must be printed beneath
MARIE C. JOSEPH

(If more than one box is checked — indicate after names type of service used.)

STATE OF NEW YORK, COUNTY OF ss.:

I, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On 19 I served the within

Check Applicable Box

[ ] Service By Mail — by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

[ ] Personal Service on Individual — by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

[ ] Service by Electronic Means — by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

[ ] Overnight Delivery Service — by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Sworn to before me on 19

The name signed must be printed beneath

NOTICE OF ENTRY

Sir:-Please take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on 19

Dated,

Yours, etc.,
RALPH A. ACCOO
*Attorney for*

*Office and Post Office Address*
2345 8TH AVENUE
NEW YORK, N.Y. 10027

To

Attorney(s) for

NOTICE OF SETTLEMENT

Sir:-Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on '19
at M.
Dated,

Yours, etc.,
RALPH A. ACCOO
*Attorney for*

*Office and Post Office Address*
2345 8TH AVENUE
NEW YORK, N.Y. 10027

To

Attorney(s) for

Index No. 113524/07 Year 19

SUPREME COURT: COUNTY OF NEW YORK

MARIE C. JOSEPH
plaintiff

against

TERENCE CARDINAL COOKE HEALTH CARE CENTER, 1199 SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION and NIEVA BOLINAS
Defendants

SUMMONS and verified complaint

RALPH A. ACCOO
*Attorney for* plaintiff

*Office and Post Office Address, Telephone*
2345 8TH AVENUE
NEW YORK, N.Y. 10027
(212) 666-0517

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

..............................................................

Attorney(s) for

2007 OCT 11 PM 1:52
RECEIVED
LEGAL DEPT.