UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARIE C. JOSEPH,

                                         Plaintiff,    Case No. 07 CV 9325 (JGK)

        -against-

TERRENCE CARDINAL COOKE HEALTH CARE              **ECF CASE**
CENTER, 1199SEIU NEW YORK'S HEALTH & HU-
MAN SERVICES UNION AND NIEVA BOLINAS,

                                         Defendants.
----------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

                                                  **LEVY RATNER, P.C.**
                                                  Attorneys for Defendants
                                                  David Slutsky (DS-7364)
                                                  80 Eighth Avenue, 8th Floor
                                                  New York, New York 10011
                                                  (212) 627-8100

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT ..........................................................................................................................3

    STANDARD FOR GRANTING A MOTION TO DISMISS ...................................... 3

    PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED BY THE APPLICABLE STATUE OF LIMITATIONS ........................................................................ 4

CONCLUSION........................................................................................................................5

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Advanced Cardiovascular System, Inc. v. Scimed Life System, Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993)..................................................................................3

*DelCostello v. International Brotherhood of Teamsters*,
  462 U.S. 151, 103 S. Ct. 2281 (1983)..........................................................................4

*H.J. Inc. v. Northwestern Bell Telegraph Co.*,
  492 U.S. 229, 109 S. Ct. 2893 (1989)..........................................................................4

*King v. New York Telegraph Co.*,
  785 F.2d 31 (2d Cir. 1980)...........................................................................................4

*Leeds v. Meltz,*,
  85 F.3d 51 (2d Cir. 1996) ............................................................................................4

*Port Authority Of N.Y. & N.J. v. Arcadian Corp.*,
  189 F.3d 305 (3rd Cir. 1999) .......................................................................................3

*Walker v. Columbia University*,
  756 F. Supp. 149 (S.D.N.Y. 1991)...............................................................................4

*White v. White Rose Food*,
  128 F.3d 110 (2d Cir. 1997).........................................................................................4

*Wright v. Ernst & Young, LLP*,
  152 F.3d 169 (2d Cir. 1998).........................................................................................4

### FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6).............................................................................................................3, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIE C. JOSEPH,

                            Plaintiff,

-against-

TERRENCE CARDINAL COOKE HEALTH CARE
CENTER, 1199SEIU NEW YORK'S HEALTH & HU-
MAN SERVICES UNION AND NIEVA BOLINAS,

                            Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT 1199'S MOTION TO DISMISS**

Case No. 07 CV 9325 (JGK)

ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant 1199SEIU New York's Health & Human Services Union properly known as 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union") moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and submits this Memorandum of Law in Support of its motion to dismiss.

### INTRODUCTION

Plaintiff, Marie C. Joseph ("Joseph"), a former member of Defendant, 1199SEIU and former employee of Defendant Terrence Cardinal Cooke Health Care Center ("Hospital" or "Employer") filed the Complaint on October 5, 2007, alleging that the Union breached its duty of fair representation ("DFR"), that the Hospital violated the collective bargaining agreement ("CBA") between it and the Union by terminating Joseph without just cause[1] and that Defendant

---

[1] Plaintiff alleges that the Hospital "breached the employment agreement with plaintiff without just cause and without basis in law and fact by terminating her employment." (Complaint ¶ 17). There is no employment contract between plaintiff and Defendant Hospital. Rather, there is a

{Worldox Files\1199\145\04\07050256.DOC}

Nieva Bolinas ("Bolinas") willfully submitted an untrue report contributing to Plaintiff's unjust termination. As discussed more fully below, the complaint must be dismissed as to Defendant 1199SEIU because it was filed well outside the six (6) month statute of limitations applicable to DFR actions.

## STATEMENT OF FACTS

Plaintiff was employed by the Hospital as a Certified Nurses Aide from on or about September 2002 until on or about October 28, 2004 at which time her employment was terminated by the Hospital for theft of time, unauthorized absence from work and unacceptable conduct. (Complaint ¶¶ 6 and 14).

The Union filed a grievance challenging the Hospital's termination of Plaintiff's employment, and pursuant to the CBA between the Union and the Employer, a grievance meeting was held on December 16, 2004, at which Plaintiff was present and was represented by the Union. (Complaint ¶ 41). Following that meeting, the Hospital denied the Union's grievance based upon all the available facts. (Complaint ¶ 41). The Union then made a determination that there was no likelihood of success at arbitration.

Plaintiff was afforded her rights under the Union's Constitution to be heard at the Chapter Hearings and Appeals Board ("Chapter Board"), which is an internal appeal board consisting of delegates from the member's chapter and which can direct the union to proceed to arbitration. (Complaint ¶ 42). On April 21, 2005, Plaintiff was further afforded her rights under the Union's constitution to be heard at the Division Hearings and Appeals Board ("Division Board"), which is a higher-level appeal board consisting of delegates from the member's Division, a group of

---

CBA between the Union and Hospital governing the terms and conditions of Plaintiff's employment, including termination from employment. (Complaint ¶ 34).

hospitals in a geographic area, and which can direct the Union to arbitrate a grievance. (Complaint ¶ 43).

The Division Board upheld the Union and Chapter Board's decisions not to arbitrate Plaintiff's claim. By letter dated April 21, 2005 the Union communicated to the Plaintiff its final decision with respect to the grievance, stating that "there is virtually no likelihood of succeeding at arbitration." (Complaint ¶ 44).

## ARGUMENT

### STANDARD FOR GRANTING A MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a party's claim for relief. The purpose of the Rule is to allow courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and spare those litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993); see also, Port Auth. Of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 312 (3rd Cir. 1999) (rule designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where the pleadings make it clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906 (1989). While a district court must take all well-pleaded factual allegations as true and draw all reasonable inferences in a light most favorable to the Plaintiff, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz,, 85 F.3d 51, 53 (2d Cir. 1996). To avoid dismissal, Plaintiff must allege facts that satisfy each element required for recovery under some actionable theory. Wright v. Ernst & Young, LLP, 152 F.3d 169, 173 (2d Cir. 1998).

## PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED BY THE APPLICABLE STATUE OF LIMITATIONS

The instant action arises pursuant to Section 301 of the Labor Management Relations Act as an action against the Hospital for breach of the CBA and against the Union for a breach of its duty of fair representation. Accordingly Plaintiff's claim "is a hybrid § 301/fair representation action." Tomney v. Int'l Center for the Disabled, 357 F.Supp.2d 721, 735 (S.D.N.Y. 2005). A plaintiff in a hybrid §301/DFR action "may sue the union or the employer, or both, but in any case must allege violations on the part of both." Id. (citing DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 103 S. Ct. 2281 (1983); Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 34 (2d Cir. 2000)).

"To establish a hybrid § 301/DFR claim, a plaintiff must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001). Due to the fact that the hybrid § 301/DFR claim is a combination of two distinct yet inextricably interdependent causes of action, the plaintiff must prove each prong of the claim in order to be successful. See, DelCostello, 462 U.S. at 164-65 (1983); Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001).

It is well established that the statute of limitations for DFR claims is six (6) months. DelCostello, 462 U.S. at 169-72, 103 S.Ct. at 2293-94 (1983); White, 128 F.3d at 113 (2d Cir. 1997); King v. New York Tel. Co., 785 F.2d 31, 33 (2d Cir. 1980). "The general rule in this circuit is that a cause of action accrues when 'the plaintiff could first have successfully maintained a suit based upon that cause of action." Walker v. Columbia Univ., 756 F.Supp. 149, 152 (S.D.N.Y. 1991).

Plaintiff was informed by letter dated April 21, 2005 that the grievance concerning the Hospital's termination of her employment would not proceed to arbitration, and that all internal appeals were exhausted. However, Plaintiff's complaint was not filed until October 5, 2007 -- twenty (20) months later. As the applicable statue of limitations is six (6) months, the DFR claim is time-barred and therefore the claims against the Union must be dismissed.

## CONCLUSION

For each and all of the foregoing reasons, Defendant 199SEIU's Motion to Dismiss the Complaint should be granted and Plaintiff's claims against Defendant 1199SEIU should be dismissed in their entirety.

Dated: October 23, 2007
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　LEVY RATNER, P.C.


　　　　　　　　　　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　By:　David M. Slutsky (DS7364)
　　　　　　　　　　　　　　　　　　　　Attorneys for Union Defendants
　　　　　　　　　　　　　　　　　　　　80 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10011
　　　　　　　　　　　　　　　　　　　　(212) 627-8100
　　　　　　　　　　　　　　　　　　　　(212) 627-8182 (fax)

TO:　Ralph A. Accoo
　　　Attorneys for Plaintiff
　　　2345 8th Avenue
　　　New York, NY 10027