UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE C. JOSEPH, | Case No. 07 CV 9325 (JGK) |
| Plaintiff, | |
| | **ECF CASE** |
| v. | |
| TERENCE CARDINAL COOKE HEALTH CARE CENTER, 1199 SEIU NEW YORK'S HEALTH & HUMAN SERVICES UNION AND NIEVA BOLINAS, | |
| Defendants. | |

---

**DEFENDANTS TERENCE CARDINAL COOKE HEALTH CARE CENTER AND NIEVA BOLINAS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

---

**BOND, SCHOENECK & KING, PLLC**
330 Madison Avenue, 39th floor
New York, New York 10017
(646) 253-2300

*Attorneys for Defendants
Terence Cardinal Cooke Health Care Center,
a Member of the Catholic Health Care System, and Nieva Bolinas*

15097.1

TABLE OF CONTENTS

Page No.

PRELIMINARY STATEMENT ...................................................................................................1

PLAINTIFF'S ALLEGATIONS ....................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.      PLAINTIFF'S "HYBRID" BREACH OF CONTRACT/DUTY
           OF FAIR REPRESENTATION CLAIMS ARE TIME-BARRED .........................3

    II.     PLAINTIFF'S DEFAMATION CLAIMS ARE TIME-BARRED,
           AND ARE OTHERWISE LEGALLY INSUFFICIENT .........................................6

           A.     The Alleged "False Report" of Ms. Bolinas was Issued 3 Years
                   Ago and Plaintiff's Defamation Claim is Therefore Time-Barred ..............7

           B.     Plaintiff's "Communications to Agencies" Claim Against
                   TCC Should Be Dismissed as Time-Barred and as Otherwise
                   Legally Deficient ..........................................................................................8

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Assad v. Mt. Sinai Hospital*, 725 F.2d 837 (2d Cir. 1984)..............................................3, 5

*Baylis v. N.Y. Telegraph Co.*, 1984 U.S. Dist. LEXIS 19802 (E.D.N.Y. 1984)..................4

*Celi v. Canadian Occidental Petroleum Ltd.*, 804 F. Supp. 465 (E.D.N.Y. 1992)..........7, 8

*Cohen v. Koenig*, 25 F.3d 1168 (2d Cir. 1994) ...................................................................6

*Conley v. Gibson*, 335 U.S. 41 (1957) ................................................................................6

*DelCostello v. Teamsters*, 462 U.S. 151 (1983) .........................................................3, 4, 5

*Hotchner v. Castillo-Puche*, 551 F.2d 910 (2d Cir. 1977)................................................10

*King v. N.Y. Telephone Co.*, 873 F.2d 36 (2d Cir. 1989).....................................................5

*Nowak v. Ironworkers Local 6*, 81 F.3d 1182 (2d Cir. 1995).............................................6

*Printers II, Inc. v. Professional Publ.*, 615 F. Supp. 767 (S.D.N.Y. 1985), *aff'd*,
   784 F.2d 141 (2d Cir. 1986).........................................................................................10

*Seghers v. Morgan Stanley DW Inc.*, 2007 U.S. Dist. LEXIS 34483 (S.D.N.Y.
   2007) ......................................................................................................................5, 6, 8

*Shamley v. ITT Corp.*, 869 F.2d 167 (2d Cir. 1989) ...........................................................7

*Valle v. Bally Total Fitness*, 2001 U.S. Dist. LEXIS 16285 (S.D.N.Y. 2001) ...................7

*UPS v. Mitchell*, 451 U.S. 56 (1981) ..................................................................................4

*Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465 (E.D.N.Y. 1998) ..............................7

*West v. Conrail*, 481 U.S. 35 (1987)...............................................................................3, 5

*White v. White Rose Food*, 237 F.3d 174 (2d Cir. 2001)....................................................5

## STATE CASES

*Buffolino v. L.I. Savings Bank*, 126 A.D.2d 508, 510 N.Y.S.2d 628 (2d Dep't
   1987) ...............................................................................................................................9

*Conley v. Gravitt*, 133 A.D.2d 966, 520 N.Y.S.2d 672 (3rd Dep't 1987).........................9

*Entertainment Partners Group v. Davis*, 198 A.D.2d 63, 603 N.Y.S.2d 439 (1st Dep't 1993)..................................................................................................................7

*Firth v. State of N.Y.*, 98 N.Y.2d 365, 775 N.E.2d 463, 747 N.Y.S.2d 69 (2002)............7, 8

*Geddes v. Princess Properties International*, 88 A.D.2d 835, 451 N.Y.S.2d 150 (1st Dep't 1982)...................................................................................................9

*Gelbard v. Bodary*, 270 A.D.2d 866, 706 N.Y.S.2d 801 (4th Dep't 2000).........................7

*Goldner v. Sullivan* 105 A.D.2d 1149, 482 N.Y.S.2d 606 (4th Dep't 1984) .......................7

*Vardi v. Mutual Life Insurance Co.*, 136 A.D.2d 453, 523 N.Y.S.2d 95 (1st Dep't 1988) ................................................................................................................6, 9

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 5, 8, 10

Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185..........................1, 4

## STATE STATUTES

N.Y. C.P.L.R. §215(3) ..............................................................................................6, 7, 8

N.Y. C.P.L.R. §3016(a) ........................................................................................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE C. JOSEPH,

    Plaintiff,

v.

TERENCE CARDINAL COOKE HEALTH CARE
CENTER, 1199 SEIU NEW YORK'S HEALTH &
HUMAN SERVICES UNION AND NIEVA
BOLINAS,

    Defendants.

Case No. 07 CV 9325 (JGK)

ECF CASE

## DEFENDANTS TERENCE CARDINAL COOKE HEALTH CARE CENTER AND NIEVA BOLINAS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Defendants Terence Cardinal Cooke Health Care Center, ("TCC")[1] and Nieva Bolinas ("Ms. Bolinas"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of Plaintiff Marie Joseph ("Plaintiff" or "Ms. Joseph") against all parties.

Plaintiff has attempted to assert a "hybrid" Section 301[2]/Duty of Fair Representation claim against her former employer and Union, together with two counts in the nature of defamation against her employer and a Registered Nurse at the facility. Every count of

---

[1] Defendant TCC is a skilled nursing facility and sub-acute care hospital located in Manhattan, and is a Member of the Catholic Health Care System sponsored by the Archdiocese of New York. Ms. Bolinas is a non-management Registered Nurse at the facility.

[2] Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185.

15097.1

the Complaint is time-barred, and in addition, the defamation count against TCC fails to state a valid claim due to a variety of other legal deficiencies.

## PLAINTIFF'S ALLEGATIONS[3]

In her "First Cause of Action," Plaintiff alleges that she was discharged by Defendant TCC from her employment as a Certified Nurses' Aide ("CNA") three years ago, on October 28, 2004 (Complaint ¶¶ 6, 14). She asserts that she was discharged for "theft of time," "unauthorized absence from assigned work area" and "unacceptable conduct" (Compl. ¶14) after she clocked in to work, then left the premises for several hours without clocking out, which she now asserts was due to a personal emergency (Compl. ¶8). She claims that she was discharged "without just cause" (Compl. ¶17) purportedly in "breach [of] the employment agreement" between TCC and the Union representing Plaintiff, 1199 SEIU[4] (*id.*; Compl. "First Cause of Action").[5]

In her "Second Cause of Action" Plaintiff alleges that TCC "placed a message to the health care providers that Plaintiff had been terminated for cause," on or about October 13, 2004 (Compl. ¶21). The Complaint does not specify how or to whom this communication was made, nor does it anywhere specify the words used (Compl. *passim*). The Complaint also does not assert that this communication was either untrue or malicious (*id.*), but nevertheless asserts a claim in the nature of defamation or some unspecified intentional tort (Compl. ¶¶22-25).

---

[3] Although Defendants dispute many of the material allegations of the Complaint, we recite them here as if they were true, *arguendo*, solely for the purposes of this motion to dismiss.

[4] Plaintiff asserts that she was a member of, and at all relevant times represented by, Defendant 1199 SEIU, United Healthcare Workers East (incorrectly referenced in the caption as "1199 SEIU New York's Health and Human Services Union") (hereinafter "1199 SEIU" or the "Union").

[5] The "just cause" provision referred to in Paragraph 17 of the Complaint is contained in the Collective Bargaining Agreement ("CBA") between TCC and 1199 SEIU. No other contractual agreement relating to Plaintiff is alleged, and none exists.

2

15097.1

Plaintiff's "Third Cause of Action," is also in the nature of defamation, asserted exclusively against Defendant Bolinas, a Registered Nurse at the facility (Compl. ¶27). This count alleges that Ms. Bolinas made a "false report" concerning Plaintiff's unauthorized absence (Compl. ¶¶28-29). Plaintiff claims that the report was made on October 14, 2004 and was submitted in a writing dated October 28, 2004 (*id.* and ¶13).

Plaintiff's "Fourth Cause of Action" is asserted exclusively against Defendant 1199 SEIU (Compl. ¶32). It avers that 1199 SEIU, as Plaintiff's exclusive collective bargaining agent, had a duty to represent her (Compl. ¶¶33-35). Plaintiff claims that the Union asserted a grievance against TCC concerning her discharge and attended grievance proceedings (Compl. ¶41), but "decided not to arbitrate Plaintiff's claim" (Compl. ¶43). 1199 SEIU is alleged to have notified Plaintiff by letter dated April 21, 2005 that its local Division Hearing and Appeals Board determined that "there is virtually no likelihood of succeeding at arbitration." (Compl. ¶¶43, 44). Plaintiff claims that the Union's representation was inadequate and "was a careless breach of [its] obligation" to "properly protect Plaintiff" (*id.* ¶48; "Fourth Cause of Action").

Plaintiff filed her Complaint on October 5, 2007, nearly 3 years after her dismissal from employment and more than 17 months after she was notified by the Union that her grievance would not be arbitrated.

## ARGUMENT

### I. PLAINTIFF'S "HYBRID" BREACH OF CONTRACT/DUTY OF FAIR REPRESENTATION CLAIMS ARE TIME-BARRED

In *DelCostello v. Teamsters*, 462 U.S. 151, 155 (1983), the United States Supreme Court held that the limitations period is <u>six months</u> for the "combined" causes of action of breach of contract/Duty of Fair Representation alleged in the First and Fourth counts of the Complaint herein. *Accord, West v. Conrail*, 481 U.S. 35, 36-37 (1987); *Assad v. Mt. Sinai Hospital*, 725

3

F.2d 837 (2d Cir. 1984) (*per curiam*) (plaintiff's failure to commence her action against employer and union within six months requires dismissal). Here, the Complaint was asserted far in excess of the limitations period, and must be dismissed as time-barred. *Id.*

The Court in *DelCostello* referred to these two "interdependent" claims as a "hybrid" Section 301/Duty of Fair Representation claim. *See* 462 U.S. 151 at 165. This nomenclature refers to: (i) the federal cause of action under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, alleging a breach of a Collective Bargaining Agreement – here, discharge of Plaintiff allegedly without "just cause" – combined with (ii) a claim that the Union (who has the exclusive right to pursue any such claimed breach) violated its federally-imposed "Duty of Fair Representation," by allegedly failing to properly pursue its contractual remedies (i.e., grievance and arbitration) in relation to the alleged contractual breach. See *DelCostello*, *supra* at 164-65:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union . . . [Plaintiff] must not only show that [her] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.'

*DelCostello, supra* at 164-65, *quoting UPS v. Mitchell*, 451 U.S. 56, 66-67 (1981).

Although she has cast her Complaint herein in State-law terminology as two separate counts, there is no question that Plaintiff has attempted to assert <u>precisely</u> the same type of "hybrid" claim that was the subject of the *DelCostello* decision: (i) "essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective

4

bargaining agreement," *id.* at 163, (*compare* Compl. ¶17), coupled with (ii) a claim that "the Union had represented [Plaintiff] in a discriminatory, arbitrary and perfunctory manner . . . resulting in an unfavorable decision by the [grievance] committee." *Id.* at 156 (*compare* Compl. ¶¶47-48).

Plaintiff must prevail on both elements in order to succeed. *White v. White Rose Food*, 237 F.3d 174, 183 and nn. 12, 13 (2d Cir. 2001) (if plaintiff cannot establish either of the two elements of the claim, the "hybrid" action must be dismissed); *DelCostello, supra* at 165.

Here, it is apparent from the pleadings that Plaintiff cannot establish either claim, because they are both long time-barred. The Complaint shows Plaintiff's cause of action for breach of the CBA accrued more than three years ago (Compl. ¶14) while her cause of action against the Union accrued, at the latest, on April 21, 2005 – more than 17 months before she filed her Complaint – when she was notified in writing that the Union would not further pursue her grievance to arbitration (Compl. ¶44). *King v. N.Y. Telephone Co.*, 873 F.2d 36, 37 (2d Cir. 1989) (cause of action against union accrues, at the latest, when plaintiff "knew or reasonably should have known" that her grievance would not be further pursued by her union); *accord*, *Baylis v. N.Y. Tel. Co.*, 1984 U.S. Dist. Lexis 19802, at * 3 (E.D.N.Y. 1984) ("cause of action arose . . . when the union sent a formal notice to plaintiff that it would not arbitrate the matter").

Accordingly, Plaintiff's First and Fourth counts, constituting her "hybrid" breach of contract/duty of fair representation claim, were not timely commenced and are barred by the 6-month limitations period. *DelCostello, supra*; *West v. Conrail, supra*. 481 U.S. at 36-37; *Assad v. Mt. Sinai Hospital, supra*. 725 F.2d at 838. Both claims should therefore be dismissed under Fed. R. Civ. P. 12(b)(6), since it "appears beyond doubt that the Plaintiff can prove no set

of facts in support of [her] claims which will entitle [her] to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994), *quoting Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).

    II.    **PLAINTIFF'S DEFAMATION CLAIMS ARE TIME-BARRED, AND ARE OTHERWISE LEGALLY INSUFFICIENT**

The two remaining counts of the Complaint, each of which attempt to plead claims in the nature of defamation (Second and Third Causes of Action; Compl. ¶¶20-25 and 26-30), should also be dismissed as time-barred since they have been asserted well more than a year after the alleged publication. *See* N.Y. C.P.L.R. §215(3) (one-year limitations period). In addition, the "Second Cause of Action" is legally insufficient because it fails to specify the words uttered and the manner and persons to whom the alleged publications were made. *Vardi v. Mutual Life Ins. Co.*, 136 A.D. 2d 453, 455, 523 N.Y.S. 2d 95, 97 (1st Dep't 1988). At most, Plaintiff appears to allege that TCC truthfully conveyed to prospective employers the very basis for Plaintiff's discharge that she concedes in her Complaint: she concededly left the employer's premises for personal reasons while "on the clock" and failed to notify her supervisor or clock out (*see* Compl. ¶¶8, 9, 14, 25).

This Court has discretion to address these supplemental State-law claims, and should dismiss them where, as here, they are clearly deficient on their face. *Nowak v. Ironworkers Local 6*, 81 F.3d 1182, 1191 (2d Cir. 1995) (Court has discretion to address supplemental claims); *Seghers v. Morgan Stanley DW Inc.*, 2007 U.S. Dist. Lexis 34483, at * 20-21 (S.D.N.Y. 2007) (dismissing deficient State-law defamation claims together with federal claims).

6

A.  **The Alleged "False Report" of Ms. Bolinas was Issued 3 Years Ago and Plaintiff's Defamation Claim is Therefore Time-Barred**

Plaintiff asserts that "on October 14, 2004" Ms. Bolinas submitted a "report" to TCC "in writing" that she claims was "false, willful and untrue" (Compl. ¶¶13, 28). This "false report" claim is plainly barred by the one-year limitations period for "an action to recover damages from . . . libel, slander, [or] words causing special damages . . ." expressly set forth in Section 215(3) of the N.Y. CPLR. *Valle v. Bally Total Fitness*, 2001 U.S. Dist. Lexis 16285 (S.D.N.Y. 2001) (dismissing similar complaint as time-barred).

> Under New York law, an action for defamation must be commenced within one year of the date on which it accrues. See *CPLR §215(3)*. The cause of action for defamation accrues on the date the statement at issue was made, not from the point in time when a plaintiff learns of it.

*Id.* at *8; *accord, Vasile v. Dean Witter Reynolds*, 20 F. Supp.2d 465, 495 (E.D.N.Y. 1998); *Firth v. State of N.Y.*, 98 N.Y.2d 365, 775 N.E.2d 463, 747 N.Y.S.2d 69 (2002).[6]

The one-year period began to run on the date of first publication. *Firth, supra*, at 369; *Gelbard v. Bodary*, 270 A.D.2d 866, 706 N.Y.S.2d 801 (4th Dep't 2000). The first publication occurred here when the memorandum containing the alleged "false report" was allegedly issued in connection with Plaintiff's termination in October 2004. *Shamley v. ITT Corp.*, 869 F.2d 167, 172-73 (2d Cir. 1989) (affirming dismissal of employee's defamation claim based on allegedly defamatory memoranda placed in personnel file; publication first occurred when memoranda were placed in file, and claim was therefore time-barred).

---

[6] The same one-year limitations period applies even if the Complaint is construed to attempt artfully to plead some other intentional tort. *Celi v. Canadian Occidental Petroleum Ltd.* 804 F.Supp. 465, 469 (E.D.N.Y. 1992); *Entertainment Partners Group v. Davis*, 198 A.D.2d 63, 64, 603 N.Y.S.2d 439, 439 (1st Dep't 1993); *Goldner v. Sullivan,* 105 A.D.2d 1149, 1150, 482 N.Y.S.2d 606, 607 (4th Dep't 1984).

15097.1

Plaintiff specifically pleads that the publication of the alleged "false report" occurred almost three years before she commenced this action (Compl. ¶13). It is therefore untimely and should be dismissed on its face under Fed. R. Civ. P. Rule 12(b)(6).

### B. Plaintiff's "Communications to Agencies" Claim Against TCC Should Be Dismissed as Time-Barred and as Otherwise Legally Deficient

Construed liberally, Plaintiff's "Second Cause of Action" (Compl. ¶¶20-25) attempts to assert against TCC a claim in the nature of defamation, i.e., alleging that TCC made some kind of improper communication to healthcare agencies or prospective employers that she was discharged for "cause." However creatively Plaintiff may attempt to label this count, its essence can only be construed to plead defamation. *Seghers, supra*, 2007 U.S. Dist. Lexis 34483, at * 20-21 (S.D.N.Y.) (plaintiff may not "engage in creative relabeling in an effort to save a time-barred claim"; unnamed tort alleging false communications should be analyzed as a defamation claim, and dismissed as untimely).

Plaintiff asserts, in substance, that in October 2004 TCC "placed a message to the health care providers" that "listed" Plaintiff as having been terminated for "cause," which allegedly prevented her from obtaining further employment in the healthcare industry (Compl. ¶¶21-23). Although TCC vehemently disputes these allegations, even if they were true, they fail to state any claim upon which relief may be granted, for each of the following reasons.

First, as noted in Point A above, the alleged communications occurred at the time of Plaintiff's discharge from employment in October 2004, and therefore are time-barred. N.Y. C.P.L.R. 215(3); *Firth, supra*, and cases cited at Point II. A above. *See also Celi v. Canadian Occidental Petroleum Ltd.* 804 F.Supp. 465, 469 (E.D.N.Y. 1992) (one year limitation period applicable to reputational injuries applies to tort claim alleging that plaintiff was excluded from obtaining employment in his field).

Second, Plaintiff has failed to meet the requirement to quote the alleged defamatory words and to specify the manner of the publication and the persons to whom the communications were made. *Vardi, supra,* 136 A.D. 2d at 455 (defamation claim dismissed where it "failed to particularize the words uttered, as well as failing to allege the time, manner and persons to whom the publications were made") *accord, Buffolino v. L.I. Savings Bank,* 126 A.D.2d 508, 510, 510 N.Y.S. 2d 628, 631 (2d Dep't 1987); *Geddes v. Princess Props. Int'l.* 88 A.D.2d 835, 451 N.Y.S. 2d 150 (1st Dep't 1982). Here, Plaintiff has failed to specify to whom the alleged communication was made – claiming only in the vaguest terms that TCC "placed" some unspecified "message" with unspecified "healthcare providers" (Compl. ¶21). These allegations lack sufficient particularity to allow Defendants to investigate and defend. *Id.*

Furthermore, a pleading which fails to assert the alleged libel "*in haec verba*" (or at least with sufficient specificity to afford Defendant sufficient notice of the communications complained of) must be dismissed under New York law. N.Y. C.P.L.R. §3016(a) ("In an action for libel or slander the particular words complained of shall be set forth in the complaint . . ."); *Conley v. Gravitt,* 133 A.D. 2d 966, 968, 520 N.Y.S. 2d 672, 674 (3rd Dep't 1987) ("Judicial interpretation of this [CPLR] section [3016(a)] requires that the defamatory words be set forth *in haec verba*").

Third, this count, in essence, accuses TCC of advising agencies or prospective employers of precisely the conduct that Plaintiff concedes she committed. In Paragraph 8 of her Complaint, Plaintiff admits that she "clocked in" to work at 7:02 a.m., left without notice and without clocking out, and then returned several hours later (Compl. ¶8). She admits that these were the very reasons cited to her when she was discharged, specifically: "theft of time," "unauthorized absence," and "unacceptable conduct." (Compl. ¶14). In Paragraph 25 of her

Complaint, Plaintiff apparently alleges that these identical reasons for her termination were those that were communicated to prospective employers (*id.*).

Even accepting Plaintiff's allegations in their most favorable light, Plaintiff is claiming nothing more than that TCC truthfully communicated to inquiring agencies that Plaintiff was discharged for the very conduct she concedes occurred. This states no claim for "defamation" or any other intentional tort. *Hotchner v. Castillo-Puche*, 551 F.2d 910, 913 (2d Cir. 1977) ("An assertion that cannot be proved false cannot be held to be libelous"); *Printers II, Inc. v. Professional Publ.*, 615 F. Supp. 767, 773 (S.D.N.Y. 1985) *aff'd*, 784 F.2d 141 (2d Cir. 1986) (truth is an absolute defense to libel). For this additional reason, Plaintiff's "Second Cause of Action" should likewise be dismissed as facially deficient.

## CONCLUSION

For each of the above-stated reasons, Defendants TCC and Nieva Bolinas respectfully request that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice in its entirety.

BOND, SCHOENECK & KING, PLLC

*[signature]*

David E. Prager (DP 4009)

330 Madison Avenue, 39th Floor
New York, New York  10017
(646) 253-2330

*Attorneys for Defendants*
*Terence Cardinal Cooke Health Care Center, a*
*   Member of the Catholic Health Care System,*
*and Nieva Bolinas*

15097.1

## CERTIFICATE OF SERVICE

       I hereby certify that I am an attorney duly admitted to practice before this court, and that on October 31, 2007, I electronically filed Terence Cardinal Cooke Health Care Center and Nieva Bolinas' **Notice of Motion to Dismiss** and **Memorandum of Law in Support of Motion to Dismiss** with the Clerk of the District Court using the CM/ECF system, which caused electronic notification of such filing to be sent to the following:

    Ralph A. Accoo
    2345 8th Avenue
    New York, New York 10027
    (212) 666-0516
    *Attorney for Plaintiff*

    and

    David Slutsky (DS-7364)
    Levy Ratner, P.C.
    80 Eighth Avenue, 8th Floor
    New York, New York 10011
    (212) 627-8100
    *Attorneys for Defendant*
    *1199 SEIU, National Healthcare Workers East*

       And, I hereby further certify that I have caused to be served via Federal Express overnight delivery service the same document to the above individuals, by depositing the above-stated documents in prepaid envelopes on October 31, 2007 for overnight hand delivery.

                                             David E. Prager, Esq.

15097.1