UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIE C. JOSEPH,

                              Plaintiff,

           -against-                      Case No. 07 CV 9325 (JGK)

TERRENCE CARDINAL COOKE HEALTH CARE CENTER,
1199SEIU NEW YORK'S HEALTH & HUMAN SERVICES
UNION AND NIEVA BOLINAS,                       ECF CASE

                              Defendants.
-----------------------------------------------------------------------X


**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**


                             **LEVY RATNER, P.C.**
                             Attorneys for Defendants
                             David Slutsky (DS-7364)
                             80 Eighth Avenue, 8th Floor
                             New York, New York 10011
                             (212) 627-8100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 07 CV 9325 (JGK)
MARIE C. JOSEPH,

                                 Plaintiff,          ECF CASE

           -against-

TERRENCE CARDINAL COOKE HEALTH CARE
CENTER, 1199SEIU NEW YORK'S HEALTH &
HUMAN SERVICES UNION AND NIEVA BOLINAS,

                               Defendants.
-------------------------------------------------------------------X

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff Marie Joseph brought this action alleging that Defendant 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union") breached the duty of fair representation ("DFR") owed to her as a member of 1199SEIU. On October 23, 2007, Defendant 1199SEIU moved to dismiss the Complaint as time-barred, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff obtained a stipulation to extend time to respond to the motion to dismiss until December 4, 2007. Plaintiff failed to serve papers in opposition to 1199SEIU's motion to dismiss by the December 4, 2007 deadline. On December 19, 2007 counsel for 1199SEIU requested that the court dismiss the Complaint with prejudice. In response to the letters from Defense counsel, Judge Koeltl issued a December 20, 2007 order requiring Plaintiff to respond to the pending motions on or before January 11, 2008 or face a default judgment. Plaintiff filed an Affirmation in Opposition to Defendant 1199SEIU's Motion to Dismiss on January 11, 2008.

Plaintiff's opposition papers fail to address the basis for the Union's motion to dismiss -- that the claims are time barred by the six (6) month statute of limitations applicable to a DFR

«Matter Matter ID»

claim. Plaintiff does not and cannot assert that she filed her lawsuit within six (6) month of being informed of the final disposition of the grievance concerning the Employer's termination of her employment. Plaintiff averred in her complaint that the Union's decision not to arbitrate the grievance was communicated to her as a final written decision on April 12, 2005. (Complaint ¶¶ 42-44). Plaintiff did not file her complaint until October 5, 2007 -- twenty (20) months later -- which is plainly outside the applicable six-month statute of limitations.

Plaintiff's sole argument regarding the timeliness of her complaint is to state that "[t]he complaint against Defendant 1199SEIU is not time barred because plaintiff is not limited to her rights under the collective bargaining agreement." This statement is not supported with any information regarding the "rights" which the Plaintiff alleges are not covered by the collective bargaining agreement. Moreover, even if such rights were identified, the fact remains that Plaintiff's sole complaint against the Union is that it failed to pursue a grievance to arbitration. This is a classic DFR case governed by the six (6) month statute of limitations.

Thus, this Court must accept as true that: (1) Plaintiff was informed by letter dated April 12, 2005 that the grievance concerning the Employer's termination of her employment would not proceed to arbitration, and that all internal appeals were exhausted; (2) the Complaint was filed twenty (20) months later on October 5, 2007.

For all the foregoing reasons, as well as those set forth in the Union's moving papers, Defendant 1199SEIU respectfully requests that the Court dismiss Plaintiff's claims against the Union in their entirety together with costs, fees and any other relief that the Court deems just and proper.

Dated: January 15, 2008
      New York, New York

«Matter Matter ID»

                                      LEVY RATNER, P.C.

                                      /s/
By:   David M. Slutsky (DS-7364)
       Attorneys for Union Defendants
       80 Eighth Avenue
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)

TO:   Ralph A. Accoo
       Attorneys for Plaintiff
       2345 8th Avenue
       New York, NY 10027

       Bond, Shoeneck & King, PLLC
       David Prager, Esq.
       Attorneys for Defendants
         Terrence Cardinal Cooke & Nieva Bolinas
       330 Madison Avenue, 39th Floor
       New York, NY 10017