UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIE C. JOSEPH,                                    Case No. 07 CV 9325 (JGK)

                        Plaintiff,

                                                    **ECF CASE**

            v.

TERENCE CARDINAL COOKE HEALTH CARE
CENTER, 1199 SEIU NEW YORK'S HEALTH &
HUMAN SERVICES UNION and NIEVA
BOLINAS,

                        Defendants.

---

## REPLY MEMORANDUM OF LAW OF DEFENDANTS TERENCE CARDINAL COOKE HEALTH CARE CENTER AND NIEVA BOLINAS IN SUPPORT OF THEIR MOTION TO DISMISS

---

**BOND, SCHOENECK & KING, PLLC**
330 Madison Avenue, 39th floor
New York, New York  10017
(646) 253-2300

*Attorneys for Defendants*
*Terence Cardinal Cooke Health Care Center,*
*a Member of the Catholic Health Care System, and Nieva Bolinas*

16437.1

## TABLE OF CONTENTS

PAGE NO.

PRELIMINARY STATEMENT ................................................................................................1

    Procedural History ...........................................................................................................2

    Summary of Plaintiff's Claims ........................................................................................3

ARGUMENT.......................................................................................................................4

       I.      PLAINTIFF HAS ASSERTED NO FACT, AND CITED NO
              AUTHORITY, TO EVADE DISMISSAL OF HER SECTION
              301/DFR CLAIMS AS TIME-BARRED ...................................................4

       II.     PLAINTIFF'S DEFAMATION CLAIMS ARE ALSO
              TIME-BARRED ON THEIR FACE, AND ARE  OTHERWISE
              DEFICIENT ................................................................................................6

CONCLUSION....................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

Baylis v. N.Y. Telephone Co.,
    1984 U.S. Dist. LEXIS 19802 (E.D.N.Y. 1984)............................................................5

DelCostello v. Teamsters,
    462 U.S. 151 (1983)..........................................................................................................4

King v. N.Y. Telephone Co.,
    873 F.2d 36 (2d Cir. 1989)...............................................................................................5

Murphy v. American Home Prods. Corp.,
    58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ......................................................................5

Rooney v. Tyson,
    127 F.3d 295 (2d Cir. 1997)..............................................................................................5

Sabatey v. Sterling Drug,
    69 NY2d 329, 514 N.Y.S.2d 209 (1987) .........................................................................5

Vaca v. Sipes,
    386 U.S. 171 (1967)..........................................................................................................5

Vardi v. Mut. Life Ins. Co.,
    136 A.D.2d 453, 523 N.Y.S. 2d 95 (1st Dep't 1988) .......................................................7

West v. Conrail,
    481 U.S. 35 (1987).............................................................................................................4

White v. White Rose Food, Inc.,
    237 F.3d 174 ......................................................................................................................6

## STATUTES

Fed. R. Civ. P. 12(b)(6).............................................................................................................1, 8

N.Y. C.P.L.R. 215(3) ..................................................................................................................7

N.Y. Labor Law §536 .................................................................................................................6

N.Y. Labor Law §623 .................................................................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE C. JOSEPH,

                Plaintiff,

        v.

TERENCE CARDINAL COOKE HEALTH CARE CENTER,
1199 SEIU NEW YORK'S HEALTH & HUMAN SERVICES
UNION and NIEVA BOLINAS,

                Defendants.

Case No. 07 CV 9325 (JGK)

## REPLY MEMORANDUM OF LAW OF DEFENDANTS TERENCE CARDINAL COOKE HEALTH CARE CENTER AND NIEVA BOLINAS IN SUPPORT OF THEIR MOTION TO DISMISS

### PRELIMINARY STATEMENT

        Defendants Terence Cardinal Cooke Health Care Center ("TCC") and Nieva Bolinas ("Ms. Bolinas") respectfully submit this Reply Memorandum of Law in response to the "Affirmation in Opposition" ("Aff. in Opp.") recently served by counsel for Plaintiff Marie Joseph ("Ms. Joseph" or "Plaintiff"), and in further support of their October 31, 2007 Motion to Dismiss the Complaint.[1]

        All claims in this lawsuit against all Defendants should be dismissed under Fed. R. Civ. P. 12(b)(6). As shown in Defendants' moving papers, all counts of the Complaint are time-barred on their face under clearly-established law. Plaintiff has offered no authority to the

---

[1] Co-Defendant 1199 SEIU National Healthcare Workers East ("1199 SEIU" or "Union") has separately moved to dismiss the Complaint against it as untimely.

contrary. She asserts no facts or legal theories that contradict or evade the time-bar Defendants have asserted. Her inappropriate appeals to sympathy, and misstatements of common law, do not alter the fact that her claims are untimely as a matter of law.

### Procedural History

Plaintiff's Complaint was served on TCC at its offices on October 11, 2007 (see accompanying Affidavit of Rosemary DelGiudice).

On October 18, 2007 co-defendant 1199 SEIU properly removed the Complaint to Federal Court, since the First and Fourth purported Causes of Action of the Complaint allege what is commonly referred to as a "hybrid" Section 301/Duty of Fair Representation claims arising under the National Labor Relations Act.

On October 25, 2007, 1199 SEIU filed a Motion to Dismiss the Complaint against it as untimely. On October 31, 2007, twenty (20) days after TCC received service of the Complaint, TCC and Ms. Bolinas timely served its Motion to Dismiss.[2]

Plaintiff did not timely respond to the motions, as originally required, on November 6, 2007. Instead, Plaintiff belatedly requested additional time to respond. The parties agreed to this request and stipulated that Plaintiff's responsive papers would be served filed a month later, on December 4, 2007. This Court "So Ordered" the stipulation in early December (Court's docket entry no. 12). Plaintiff, however, did not file her "Affirmation in Opposition" on December 4 or any time in December, 2007. In response to letters from Defendants' counsel notifying this Court of her failure to respond, the Court issued an order that allowed Plaintiff until January 11, 2008 to respond, on pain of default. Plaintiff's opposition papers were received by counsel for TCC on January 14, 2008.

---

[2] In response to Plaintiff's incorrect assertion that Defendants' motion to dismiss was not made on time (Aff. in Opp. ¶6), we have supplied the DelGiudice Affidavit, demonstrating that TCC's motion was timely served, 20 days after receipt of service of the Complaint.

16437.1

**Summary of Plaintiff's Claims**

Although Defendants TCC and Ms. Bolinas continue to dispute Plaintiff's factual allegations, we have accepted them, <u>arguendo</u>, solely for the purposes of this motion to dismiss. Even if these facts were true, they still fail to state any claim upon which relief can be granted.

In Plaintiff's First Cause of Action (¶¶ 5-19) she asserts that, on October 28, 2004 (almost three years before she filed her Complaint), she was discharged from her employment allegedly without just cause in violation of the Collective Bargaining Agreement between TCC and 1199 SEIU ("CBA") (Compl. ¶17).  Apart from the "just cause" for discharge provisions contained in the CBA, Plaintiff asserts no other contractual or legal basis to contest her discharge.[3]

Plaintiff's Fourth Cause of Action (*id.* ¶¶ 31-49) alleges that co-defendant 1199 SEIU failed in its duty to represent her, by failing to properly present her grievance or by declining to arbitrate her discharge claim (*id.* ¶¶34, 45, 49). 1199 SEIU advised Plaintiff by letter dated April 21, 2005, that such an arbitration proceeding had "no realistic prospect of success" (*id.* ¶44).

Plaintiff's Second Cause of Action (Compl. ¶¶ 20-25) alleges that Plaintiff was defamed by TCC through unspecified communications in October 2004 to unspecified health care providers, allegedly stating that she was in fact discharged for the reasons indicated in her discharge notice (*id.* ¶21).

Plaintiff has apparently dropped her Third Cause of Action (Compl. ¶¶ 26-30), since she omits it entirely from her factual recitation, and does not reference it in her opposition.

---

[3] However, her Complaint itself sets forth a lawful basis for discharge: Plaintiff pleads (Compl. ¶8) that she left her employment for personal reasons while still "on the clock" and without notifying her supervisor, and returned some time later, without "clocking out" (*i.e.*, her time card, upon which she was paid, showed her as working during this period under false pretenses); and that, under these facts, Plaintiff's Union agreed that "there is virtually no likelihood of success at arbitration" to contest her discharge (Compl. ¶ 44 and Ex B to Aff. in Opp.).

16437.1

That claim alleged defamation against Ms. Bolinas based on a "false report" allegedly filed by her in October 2004 (*id.* ¶28).

Plaintiff nowhere disputes that the proper limitations period for her First and Fourth Causes of Action is six months, and that the limitations period for her Second and Third Causes of Action is one year. She does not dispute that these actions accrued in October 2004, except with respect to the Fourth Cause of Action against 1199 SEIU, which accrued, at the latest, in April 2005. Since her Complaint was filed in October, 2007, all of Plaintiff's claims are untimely as a matter of law.

## ARGUMENT

I.    **PLAINTIFF HAS ASSERTED NO FACT, AND CITED NO AUTHORITY, TO EVADE DISMISSAL OF HER SECTION 301/DFR CLAIMS AS TIME-BARRED**

Plaintiff has raised no factual issue or legal authority that would allow her to evade the applicable limitations periods. There is no dispute that the time period in which to commence a "hybrid" Section 301/Duty of Fair Representation action is 6 months. *DelCostello v. Teamsters*, 462 U.S. 151, 155 (1983); *West v. Conrail*, 481 U.S. 35, 36-37 (1987). Here, the facts alleged in the first and fourth counts are almost identical to those alleged in the "hybrid" claim that was held time-barred in the *DelCostello* case itself.[4]

Plaintiff can not dispute that any claim against the employer challenging her discharge accrued, at the latest, at the time of her discharge on October 28, 2004. Nor is there any dispute that Plaintiff's claim against 1199 SEIU accrued, at the latest, in April 2005, when Plaintiff received unequivocal notice from the Union in writing of its "final decision" not to

---

[4] As noted in TCC's moving brief, the claims at issue in *DelCostello*, like dozens of cases following it, involved (i) "essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement" (here, a claim that she was discharged without "just cause" under the CBA); coupled with (ii) a claim that "the Union represented [Plaintiff] in a discriminatory, arbitrary or perfunctory manner." 462 U.S. at 156, 163 (*compare* Compl. ¶¶17, 47-48).

4

pursue her grievance to arbitration. *King v. N.Y. Telephone Co.*, 873 F.2d 36, 37 (2d Cir. 1989); *Baylis v. N.Y. Telephone Co.*, 1984 U.S. Dist. Lexis 19802 *3 (E.D.N.Y. 1984).

The arguments made by Plaintiff do not serve to evade the time bar. Plaintiff first argues that she "is not limited to her rights under her Collective Bargaining Agreement" (Aff. in Opp., Argument, p. 5) and that she "was terminated due to disinterest or carelessness by the management of TCC" (*id.*), suggesting some unspecified common-law basis to challenge her termination. Yet Plaintiff refers to no other body of law or source of rights upon which to premise such a claim.

Plaintiff's attempt to characterize the termination of her employment as unfair or harsh nevertheless does not set forth a cognizable claim for relief. Plaintiff's recourse in these circumstances was to the grievance and arbitration procedure provided in her Collective Bargaining Agreement, which she invoked, and which she concedes resolved the grievance against her (Compl. ¶41: "union grievance was denied"). Apart from rights arising under her CBA, which may be invoked only under Section 301 of the NLRA only after she exhausts her internal grievance and arbitration procedures (*Vaca v. Sipes* 386 U.S. 171, 184 (1967), there is no cause of action for negligent or wrongful discharge in this State (see *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983); *Sabatey v. Sterling Drug*, 69 NY2d 329, 514 N.Y.S.2d 209 (1987); *Rooney v. Tyson*, 127 F.3d 295, 296 (2d Cir. 1997)).

Plaintiff's remaining argument, to the effect that the limitations period should not run because she was "not told" that there was a time limit in which to sue her Union (Aff. in Opp. ¶16), is directly contradicted by law. The time in which she may sue 1199 SEIU runs from the date that she "knew or should have known" that the Union would not further pursue her grievance. *King, supra*, 873 F.2d at 37. The *Baylis* case, *supra*, 1984 U.S. Dist Lexis 19802 *3,

is dispositive on this point. It held that such a cause of action against the union accrued "when the union sent a formal notice to plaintiff that it would not arbitrate the matter." *Id.*

Here, Plaintiff was unequivocally advised in writing on April 21, 2005 that the matter would not proceed to arbitration, and that "[t]he decision in this matter is final." There could be no mistaking its meaning. That notice (quoted in Compl. ¶44 and attached to plaintiff's Affirmation in Opposition as Exhibit "B") was sent more than 20 months prior to the filing of her Complaint.[5] Accordingly, Plaintiff's First and Fourth Causes of Action are both time-barred, and should be dismissed.[6]

II.  **PLAINTIFF'S DEFAMATION CLAIMS ARE ALSO TIME-BARRED ON THEIR FACE, AND ARE OTHERWISE DEFICIENT**

Plaintiff's Affirmation in Opposition nowhere contradicts, or even addresses the time-bar arguments asserted in TCC's and Ms. Bolinas motion to dismiss relating to Plaintiff's Second and Third Causes of Action. In fact, Plaintiff omits any reference to her claim against Ms. Bolinas, and drops it completely from her factual recitation (Aff. in Opp. ¶¶8-16), which recounts only three Causes of Action.

Plaintiff does not dispute that her claim against Ms. Bolinas (Compl. ¶¶26-30) and her claim against TCC (Compl. ¶¶20-25) both assert, in substance, defamation claims or claims of similar intentional torts arising from alleged false statements published at the time of Plaintiff's discharge, October, 2004. Plaintiff offers no factual basis or legal authority that

---

[5] In order to overturn her discharge, Plaintiff must succeed in <u>both</u> parts of her "hybrid" claim against 1199 SEIU and TCC. *White v. White Rose Food, Inc.*, 237 F.3d 174, 183 and n.12 (2d Cir. 2001). Here, she can establish neither element.

[6] Plaintiff's additional argument, relating to his receipt of unemployment compensation (Aff. in Opp. ¶10) is irrelevant, because unemployment compensatin decisions have no res judicata effect and cannot be introduced in other actions, as a matter of law. N.Y. Labor Law §§536, 623.

16437.1

would allow her to evade the one-year limitations period applicable to both claims under N.Y. C.P.L.R. 215(3).

Nor has Plaintiff disputed Defendants' argument that her pleading in Count Two is additionally insufficient, because it does not quote the alleged defamatory utterances or publications by TCC, and because it does not specify the manner in which such utterance was made, the speaker, or the recipient, and thus would be impossible to defend against. *Vardi v. Mut. Life Ins. Co.*, 136 A.D.2d 453, 455, 523 N.Y.S. 2d 95, 97 (1st Dep't 1988). Finally, Plaintiff has not disputed or even addressed Defendants' argument that, at worst, TCC is alleged to have truthfully advised inquiring prospective employers that Ms. Joseph was discharged for the reasons set forth in her discharge notice. On the face of the Complaint, Plaintiff concedes all of the facts which demonstrate that she was in fact discharged for having left her job without authorization, and without clocking out for time she did not work (Compl. ¶¶8, 14). Accordingly, there can be no claim of "defamation" against TCC on these facts for this additional reason.

Since Plaintiff offers no basis to evade the one-year limitations period, or to otherwise demonstrate that she sets forth a sufficient cause of action, TCC's and Ms. Bolinas' motion to dismiss the Second and Third Causes of Action should likewise be granted.

16437.1

## CONCLUSION

For all of the above-stated reasons, the Complaint should be dismissed under Fed.

R. Civ. P. 12(b)(6) with prejudice against all Defendants.

Dated: New York, N.Y.           BOND, SCHOENECK & KING, PLLC
      January 17, 2008

David E. Prager (DP 4009)

330 Madison Avenue, 39th Floor
New York, New York  10017
(646) 253-2330

*Attorneys for Defendants*
*Terence Cardinal Cooke Health Care Center, a*
*   Member of the Catholic Health Care System,*
*   and Nieva Bolinas*

8

16437.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MARIE JOSEPH,                                              :

                                    Plaintiff,             :        07 Civ. 9325 (JGK)

                                                          :

        -against-                                         :

                                                          :        AFFIDAVIT OF
TERENCE CARDINAL COOKE HEALTH CARE          :        ROSEMARY DELGIUDICE
CENTER, 1199 SEIU NEW YORK'S HEALTH AND     :
HUMAN SERVICES UNION and NIEVA BOLINAS      :

                                                          :

                                    Defendants.            :

------------------------------------------------------------------X

        I, ROSEMARY DELGIUDICE, being duly sworn, deposes and says:

        1.      I am currently employed as the Administrative Assistant for the administrative

offices at Terence Cardinal Cooke Health Care Center ("TCC"). In that capacity, I am among

those who receive and review deliveries of mail, hand-delivered packages, and other such

materials directed to TCC's administration.

        2.      On October 11, 2007, I personally received service of a Summons and Complaint

from Marie C. Joseph in the above titled matter, directed to TCC. I transmitted the Summons

and Complaint to TCC's Administration and Human Resources Department shortly thereafter.

        3.      I am advised that TCC's attorneys served a Motion to Dismiss the Complaint in

this action on October 31, 2007, which was 20 days after I received of the Summons and

Complaint.

                                                    _____
                                                          Rosemary DelGiudice

Sworn before me this _17th_ day
of January, 2008

_____
        Notary Public

                                    Robert J. Carneiro
                                    Notary Public. State of New York
                                    Qualified in Westchester County
                                    No. 01-4917524
                                    Expires February 8, 2010

                                                                                16426.1

## CERTIFICATE OF SERVICE

I hereby certify that I am an attorney duly admitted to practice before this court, and that on January 17, 2008, I electronically filed Terence Cardinal Cooke Health Care Center and Nieva Bolinas' **Reply Memorandum of Law in Support of Their Motion to Dismiss** and the accompanying **Affidavit of Rosemary DelGiudice** with the Clerk of the District Court using the CM/ECF system, which caused electronic notification of such filing to be sent to the following:

> Ralph A. Accoo
> 2345 8th Avenue
> New York, New York 10027
> (212) 666-0516
> *Attorney for Plaintiff Marie C. Joseph*

> and

> David Slutsky (DS-7364)
> Levy Ratner, P.C.
> 80 Eighth Avenue, 8th Floor
> New York, New York 10011
> (212) 627-8100
> *Attorneys for Defendants 1199 SEIU, National*
> *Healthcare Workers East*

And, I hereby further certify that I have caused to be served via Federal Express overnight delivery service the same document to the above individuals, by depositing them in prepaid envelopes for hand delivery on January 17, 2008.

David E. Prager, Esq.

15157.2