**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------

**MARIE C. JOSEPH,**

                   **Plaintiff,**         07 Civ. 9325 (JGK)

      - against -                  **MEMORANDUM OPINION**
                                                               **AND ORDER**

**TERRENCE CARDINAL COOKE HEALTH CARE**
**CENTER, 1199 SEIU NEW YORK'S HEALTH AND**
**HUMAN SERVICES UNION, AND NIEVA**
**BOLINAS,**

                   **Defendants.**
--------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Marie C. Joseph, brings this action for breach of the collective bargaining agreement, defamation, and breach of the duty of fair representation. The action was originally filed in New York State Supreme Court, New York County, no earlier than September 17, 2007. The defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because the dispute arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The defendants, Terrence Cardinal Cooke Health Care Center ("TTC"), 1199 SEIU New York's Health and Human Services Union ("1199 SEIU"), and Nieva Bolinas, now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims as time-barred. For the reasons stated below, the motion to dismiss is granted.

I

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 127 S. Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989); see also Fezzani v. Bear, Stearns & Co., Inc., 384 F. Supp. 2d 618, 630 (S.D.N.Y. 2004) ("[I]t is proper to dismiss claims when it is apparent from the complaint and documents referenced therein that they are barred by the applicable statute of limitations.") (citation omitted).

In deciding the motion, the Court may consider documents that are referenced in the complaint, documents that the

plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

II

The plaintiff, a certified nurses' aide, was an employee of TCC and a member of 1199 SEIU from September 2002 to October 2004. (Compl. ¶¶ 6, 12.) On or about October 9, 2004, the plaintiff agreed to work an overtime shift the following day from 7:00 a.m. to 3:00 p.m., in addition to her regularly scheduled shift from 3:00 p.m. to 11:00 p.m. (Id. ¶¶ 7, 8.) On October 10, 2004, the plaintiff reported to work at TCC at 7:02 a.m. Remembering that she had not turned off her gas stove in her apartment, the plaintiff called her apartment and received no answer. The plaintiff then attempted to call her supervisor, Nieva Bolinas, but ultimately did not reach her. After notifying a security guard of her situation, the plaintiff left TCC to turn off the gas stove. (Id. ¶ 8.)

On October 13, 2004, TCC held a meeting with the plaintiff. A union delegate from 1199 SEIU also attended the meeting. The plaintiff learned that she had been suspended and that she

should not return to work. (Id. ¶¶ 11, 12.) On October 28, 2004, TCC notified the plaintiff by mail that her employment had been terminated effective October 13, 2004. (Id. ¶ 14.)

On December 16, 2004, TCC held a grievance hearing to address 1199 SEIU's challenge to TCC's termination of the plaintiff pursuant to the collective bargaining agreement between TCC and 1199 SEIU. The plaintiff was present and was represented by 1199 SEIU. (Id. ¶ 41.) TCC denied the plaintiff's grievance and 1199 SEIU determined that the plaintiff's claim should not be arbitrated. (Id. ¶ 41.) The Chapter Hearing and Appeals Board ("Chapter Board") affirmed the decision not to arbitrate on February 9, 2005, and the Division Hearings and Appeals Board affirmed that decision. (Id. ¶¶ 42-43.) The plaintiff was notified of this final decision by letter dated April 21, 2005, which stated:

> After reviewing all information presented by you, it is concluded that there is virtually no likelihood of succeeding at arbitration. . . . [T]he decision in this matter is final. . . . We hope you understand that the union cannot effectively pursue the many meritorious grievances that arise if it is unduly burdened with cases that have no realistic prospect of success.

(Def.'s Affirmation in Opp. Ex. B.; Compl. ¶ 44.)

By a summons and verified complaint dated September 17, 2007, the plaintiff brought four causes of action in New York State Supreme Court, New York County. She alleged that: (1) she was discharged by TCC "without just cause" in violation of her

4

employment agreement with TCC; (2) TCC placed a message to health care providers stating that the plaintiff had been terminated for cause; (3) in order to justify the plaintiff's termination, Bolinas made a false report that the plaintiff arrived late to work on October 10, 2004, because the train was late; and (4) 1199 SEIU breached its duty of fair representation in failing to arbitrate the plaintiff's grievance.

III

The plaintiff's first and fourth causes of action form a "hybrid claim" as recognized by the United States Supreme Court in DelCostello v. Teamsters, 462 U.S. 151, 164 (1983). Such a claim alleges that the employer breached a collective bargaining agreement in violation of § 301 of the LMRA, and that the union breached its duty of fair representation, a duty implied in the structure of the National Labor Relations Act ("NLRA"). Id. Ordinarily a union employee asserting grievances against an employer must exhaust the remedies provided in the collective bargaining agreement. Id. at 163-64. However, if a union's "discriminatory, dishonest, arbitrary, or perfunctory" decision prevents the employee from invoking certain remedies, this breach of the duty of fair representation should not bar the employee from bringing suit against both the employer and the union. Id. at 164. A hybrid § 301/fair representation claim thus

5

provides relief if both prongs of the claim are satisfied. See id. at 165 (citations omitted).

In DelCostello, the Court applied a six-month statute of limitations to hybrid § 301/fair representation claims. Id. at 169; see also King v. N.Y. Tel. Co., 785 F.2d 31, 33 (2d Cir. 1986); Vera v. Saks & Co. d/b/a/ Saks Fifth Avenue, 424 F. Supp. 2d 694, 709 (S.D.N.Y. 2006). Finding no close analogy in state law, the Court adopted the statute of limitations of § 10(b) of the NLRA, 29 U.S.C. § 160(b), because similar interests were present in hybrid claims. DelCostello, 462 U.S. at 165, 169-72. It is well settled that the "the cause of action accrue[s] no later than the time when [the union members] knew or reasonably should have known that . . . a breach ha[s] occurred." Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004) (alterations in original) (quoting Santos v. Dist. Council of New York City, 619 F.2d 963, 969 (2d Cir. 1980)).

In this case, the plaintiff clearly asserts a hybrid claim. The first cause of action alleges that TCC breached the collective bargaining agreement that governed the plaintiff's employment.[1] The fourth cause of action alleges that 1199 SEIU's

---

[1] The complaint alleges that TCC "breached the employment agreement with plaintiff." (Compl. ¶ 17.) In connection with the current motion, the defendant has provided the Court with the collective bargaining agreement between the League of Voluntary Hospitals and Homes of New York and 1199 SEIU. That agreement provides that "[t]he Employer shall have the right to

6

April 21, 2005 letter notifying the plaintiff that arbitration would not be pursued was "an insidious breach of its contractual obligation to plaintiff" and therefore a breach of the duty of fair representation. (Compl. ¶ 47.)

As a threshold matter, however, the Court must determine whether the plaintiff's hybrid claim, filed on or about September 17, 2007, is timely. Here, neither the claim against TCC for breach of the collective bargaining agreement nor the claim against 1199 SEIU for breach of the duty of fair representation were filed within the six month statute of limitations period set forth in DelCostello, and they are therefore time-barred. See LaFauci v. St. John's Riverside Hospital, 381 F. Supp. 2d 329, 333 (S.D.N.Y. 2005). In this case, 1199 SEIU informed Joseph on April 21, 2005, that the decision not to arbitrate was final and therefore no further action would be taken with respect to her termination. At that time, the plaintiff "knew or reasonably should have known" that 1199 SEIU had allegedly breached its duty of fair representation.

---

discharge, suspend or discipline any Employee for cause." (Article XXIX.) The Court can consult that agreement because it is plainly the agreement the plaintiff relied on in asserting her First and Fourth Causes of Action. Although the plaintiff argues that she is not limited to the rights in the collective bargaining agreement, the plaintiff has failed to allege sufficient facts to state a plausible claim for relief based on a breach of any other alleged agreement between the parties. Twombly, 127 S. Ct. at 1974.

To be timely, the plaintiff was required to file her hybrid claim by October 20, 2005. The plaintiff's complaint, however, was filed in New York State Supreme Court, New York County, no earlier than September 17, 2007, making the claims in Counts One and Four plainly time-barred. Accordingly, the plaintiff's first and fourth causes of actions are dismissed.

IV

The plaintiff's second and third causes of action assert claims of defamation against TCC and Bolinas, the plaintiff's supervisor.

Under New York law, an action for defamation must be brought within one year of the publication of the alleged defamatory statements. N.Y. C.P.L.R. § 215(3); see also Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 89 (2d Cir. 2003) ("New York's single publication rule states that a defamation claim accrues at publication."); Egleston v. Kalamarides, 444 N.E.2d 994 (N.Y. 1982) (applying one-year statute of limitations).

With respect to the second cause of action, the plaintiff alleges that TCC made improper communications to health care providers, which prevented her from obtaining further employment, on or about October 13, 2004. (Compl. ¶¶ 21-23). With respect to the third cause of action, the plaintiff alleges that Bolinas made a false, defamatory statement on October 14,

8

2004, and that this statement was submitted in a report on October 28, 2004. (Compl. ¶¶ 28-29.) Accordingly, the plaintiff was required to bring her claims by October 2005. Because the plaintiff did not file these claims until September 2007 at the earliest, they clearly fall outside the one-year statute of limitations. The plaintiff has provided no response as to why these claims are not time-barred. The defendants' motion to dismiss the second and third causes of action is therefore granted.

V

Because the plaintiff's claims are plainly time-barred, the defendants' motions to dismiss (Docket Nos. 3 and 8) are **granted**. The Clerk is directed to enter judgment and to close this case.

SO ORDERED.

Dated:   New York, New York
         April 1, 2008

                                              John G. Koeltl
                                      United States District Judge